530
New

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED
08 JUL -9 PH 3: 46

2  Name __NOVAK__    __JOSHUA__    __S.__
          (Last)        (First)       (Initial)

3  Prisoner Number __H57587__

4  Institutional Address __PLEASANT VALLEY STATE PRISON__

5  __P.O. BOX 8502    COALINGA, CA 93210__

6

7  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA

8  __JOSHUA STEVEN NOVAK__
   (Enter the full name of plaintiff in this action.)

9                                    CV 08   Case No.   3302
                                            (To be provided by the clerk of court)

10  vs.
    __JAMES A. YATES, WARDEN__

11                                   PETITION FOR A WRIT
                                     OF HABEAS CORPUS

12

13                                   E-filing

14  (Enter the full name of respondent(s) or jailor in this action)

15

16  Read Comments Carefully Before Filling In

17  When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14          Santa Clara Superior Court                    Santa Clara

15                 Court                              Location

16          (b)    Case number, if known ___ CC333970 _____

17          (c)    Date and terms of sentence ___ 10-01-04 / 25 Years-to-Life ___

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)         Yes __XX__   No _____

20                 Where?

21          Name of Institution: __ Pleasant Valley State Prison _____

22          Address: ___ P.O. Box 8502  Coalinga, CA 93210 ___

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  _____

27  Attempted Possession of a Firearm by a Violent Felon

28  Penal Code §§ 664/12021.1 (Enhanced §§667(b)(1)/1170.12)

3. Did you have any of the following?

    Arraignment:                           Yes __XX__    No _____

    Preliminary Hearing:               Yes __XX__    No _____

    Motion to Suppress:               Yes ___    No __XX__

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere __XX__

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?  N/A

    Jury _____    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?  N/A        Yes _____    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment               Yes _XX_    No _____

    (b)    Preliminary hearing        Yes _XX_    No _____

    (c)    Time of plea              Yes _XX_    No _____

    (d)    Trial                    Yes _____    No _XX_

    (e)    Sentencing               Yes _XX_    No _____

    (f)    Appeal                  Yes _XX_    No _____

    (g)    Other post-conviction proceeding    Yes _XX_    No _____

8. Did you appeal your conviction?    Yes _XX_    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal             Yes _XX_    No _____

        Year: _2005_    Result: Wende Brief Filed

**(In Conjunction With Related Appeal Number:  H028055)**

        Supreme Court of California    Yes _____    No _XX_

        Year: _____    Result: _____

        Any other court            Yes _____    No _XX_

        Year: _____    Result: _____

**(See Memorandum Attached Hereto For Full Procedural History)**

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1          petition?                  Yes _____     No XX

2        (c)    Was there an opinion?         Yes _____     No XX

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                     Yes _____     No XX

5          If you did, give the name of the court and the result:

6          _____

7          _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?         Yes XX     No____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18         I.    Name of Court: Court of Appeal - Sixth App. Dist.

19             Type of Proceeding: Petition For Writ of Habeas Corpus

20    **(In Conjunction With Related Direct Appeal No. H028055)**
            Grounds raised (Be brief but specific):

21               a. Request for Consolidation with Direct Appeal;

22               b. Ineffective Assistance of Counsel

23               c._____

24               d._____

25               Result: Petition DENIED - H028601    Date of Result: 07-22-05

26        II.    Name of Court: California Supreme Court

27             Type of Proceeding: Petition For Review

28               Grounds raised (Be brief but specific):

1    Ineffective Assistance of Counsel
     a._____

2    b._____

3    c._____

4    d._____

5    Result: Review DENIED_____Date of Result:__11-16-05

6    III.   Name of Court: ___Santa Clara Superior Court

7    Type of Proceeding: _Petition for Writ of Habeas Corpus

8    Grounds raised (Be brief but specific):

9    a._Ineffective Assistance of Counsel;_____

10   b._Actual Innocence_____

11   c._____

12   d._____

13   Result: Petition DENIED_____Date of Result:__10-03-06

14   IV.    Name of Court: __Court of Appeal - Sixth App. Dist.

15   Type of Proceeding: _Petition for Writ of Habeas Corpus

16   Grounds raised (Be brief but specific):

17   a._Ineffective Assistance of Counsel;_____

18   b._Actual Innocence_____

19   c._____

20   d._____

21   Result: _Petition DENIED - H031055_ Date of Result:__02-01-07

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23   **(Additional Proceedings: Next Page)** Yes _____     No_XX_

24          Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26          State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

9. (a)

    V.  Name of Court:  California Supreme Court

        Type of Proceeding:  Petition for Writ of Habeas Corpus

        Grounds raised:

        a.  Ineffective Assistance of Counsel;

        b.  Actual Innocence

        c.

        d.

        Result: Petition DENIED-S151221    Date of Result:  08-08-07

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One:  **INEFFECTIVE ASSISTANCE OF COUNSEL DEPRIVED PETITIONER
OF HIS STATE AND FEDERAL CONSTITUIONAL RIGHTS TO DUE PROCESS AND
6  A FAIR TRIAL AS GUARANTEED UNDER THE SIXTH AMENDMENT**

7      Supporting Facts:

8      Petitioner entered a plea of no contest to a charge
of attempted possession of a fairearm by a violent felon.  At no

9  time did counsel ever inform me that the validity of this crime

10  was questionable, or that no California court had held it as being

11  valid.  Counsel's failure to file a motion to dismiss on this

12  ground and her admitted failure to investigate meritorious defenses
is the substance of this petition.

13      Supporting Facts:

.14      **(SEE MEMORANDUM OF POINTS AND AUTHORITIES-ATTACHED)**

15

16

17  Claim Three:

18

19  Supporting Facts:

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25      This claim has been properly presented to the state's highest

26  court (California Supreme Court)

27

28

PET. FOR WRIT OF HAB. CORPUS      - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    **AEDPA:**  Schup v Delo, (1995) 513 U.S. 298;  Coleman v Thompson (1991) 501 U.S. 722

5    **IAC CLAIM:**  Strickland v Washington (1984) 466 U.S. 668; U.S. v Cronic (1984) 466

6    U.S. 648;  Hill v Lockhart (1985) 474 U.S. 52; Eggleston v U.S. (9th Cir. 1986)

     798 F.2d 374;  Ames v Endell (9th Cir. 1988) 856 F.2d 1441
7    Do you have an attorney for this petition?                         Yes_____    No_XX_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on ___June 10, 2008___          _____

14              Date                                   Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA STEVEN NOVAK,

            Petitioner,

    V.

JAMES A. YATES, WARDEN,

            Respondent.

No. _____

**PETITION FOR WRIT OF HABEAS CORPUS;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

28 U.S.C. § 2254

Petitioner, Joshua Steven Novak, herein discusses the issue
and applicability of the AEDPA's one-year statute of limitations,
equitable tolling, and the "actual innocence" exception to AEDPA
procedural bars.

## I.

### BACKGROUND

On June 9, 2004, upon the advice of counsel, Petitioner
entered a plea of no contest to the first amended information
charging him with a violation of Penal Code sections 664/12021.1,
subdivision (a)(1), (attempted possession of a firearm by a
violent felon), and admitted thirteen prior strike convictions.

On October 1, 2004, Petitioner was sentenced to 25 years
to life in state prison.

On March 7, 2005, Petiitoner filed his opening brief in the
Sixth District Court of Appeal pursuant to People v Wende (1979)
25 Cal.3d 436.

///

1

1    On March 29, 2005, appellate counsel filed a petition for

2  writ of habeas corpus on the grounds that Petitioner's conviction

3  and imprisonment is illegal pursuant to his Sixth Amendment rights

4  in that he was denied the effective assistance of counsel, further

5  requesting that the Court of Appeal consolidate said petition with

6  the pending related appeal.  The petition was denied on July 22,

7  2005.

8    On August 31, 2005, appellate counsel filed a Petition for

9  review in the California Supreme Court.  The petition was denied

10  on November 16, 2005.

11    On August 11, 2006, Petitioner filed a Pro se petition for

12  writ of habeas corpus in the Santa Clara Superior Court asserting

13  actual innocence and ineffective assistance of counsel, setting

14  forth under Penal Code §1475 that the second petition should be

15  heard under the actual innocence exception.  The Petition was

16  denied on October 3, 2006, and the Court of Appeal denied the

17  same substantive petition on February 1, 2007.

18    On March 6, 2007, Petitioner filed a petition for writ of

19  habeas corpus in the California Supreme Court asserting actual

20  innocence and ineffective assistance of counsel as raised in the

21  lower courts.  The petition was denied on August 8, 2007.

22                            II.

23            AEDPA'S STATUTE OF LIMITATIONS

24    On April 24, 1996, Congress enacted the Antiterrorism and

25  Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214.

26  AEDPA applies to petitions for writs of habeas corpus filed after

27  the enactment of AEDPA. Lindh v Murphy, 521 U.S. 320 (1997) ;

28  ///

2

1 | <u>Ainsworth v Calderon</u>, 138 F.3d 787, 790 (9th Cir. 1998).  One of
2 | the exceptions to this one-year statute of limitations is when
3 | the failure to address a claim on the merits would result in a
4 | fundamental miscarriage of justice (<u>Coleman v Thompson</u> (1991)
5 | 501 U.S. 722, 115 L.Ed.2d 640, 111 S.Ct. 2546), and where a
6 | courts failure to address a claim would result in the conviction
7 | of one who is actually innocent. (<u>LaGrand v Stewart</u> 133 F.3d 1235;
8 | <u>Schup v Delo</u> (1995) 513 U.S. 298, 130 L.Ed.2d 808, 115 S.Ct.851).
9 |
10 |    **A.  The Limitations Period**
11 |    Absent the above-referenced exceptions, a state prisoner
12 | challenging his custody has one year to file his federal petition
13 | from the date on which the judgment became final by the conclusion
14 | of direct review, or the expiration of the time for seeking such
15 | review.  28 U.S.C. § 2244(d)(1)(A).
16 |    On November 16, 2005, the California Supreme Court denied
17 | review.  The state appeal process became "final" within the
18 | meaning of § 2254(d)(1)(A) when the time for filing a petition
19 | for writ of certiorari expired ninety days later, on February 14,
20 | 2006.  (Supreme Court rule 13; <u>Bowen v Roe</u>, 188 F.3d 1157 (9th Cir.
21 | 1999.)  The one-year limitations period commenced running the
22 | following day--February 15, 2006.  However, calculating the
23 | timeliness of the federal petition also includes tolling for
24 | the filing of state post-conviction applications (28 U.S.C. § 2244
25 | (d)(2)), as occurs in the instant case.
26 |    Here, Petiitoner filed a Pro se habeas petition in the Santa
27 | Clara Superior Court on August 11, 2006.  The petition was denied
28 | ///

3

1   on October 3, 2006.  Following the denial by the Court of Appeal,

2   Sixth Appellate District  on the same substantive petition on

3   February 1, 2007, Petitioner filed a petition for writ of habeas

4   corpus in the California Supreme Court on March 6, 2007.  The

5   petition was denied on August 8, 2007.  Based on continuous

6   tolling throughout the period from August 11, 2006, to August 8,

7   2007, these actions tolled the limitations period for 362 days.

8        As set forth, the statute of limitations commenced on

9   February 15, 2006.  Because Petitioner's state habeas actions

10  tolled the one-year limitations period for 362 days, the statute

11  of limitations expired one-year and 362 days later on February 12,

12  2008.  Petitioner does not file the instant federal petition

13  until June 10, 2008, and if not for the extraordinary circumstances

14  and actual innocence exceptions to AEDPA, he exceeds the one

15  year allowed by 109 days.

16

17      **B.   Equitable Tolling**

18          Notwithstanding the fact that Petitioner is actually

19  innocent via ineffective assistance of counsel (counsel advised

20  Petitioner to plead to a crime that has never been upheld by a

21  California court), equitable tolling too might be liberally

22  construed as being applicable to this case.  The Petitioner is

23  a participant  in the Mental Health Services Delivery System as

24  provided by the Department of Corrections (at the Correctional

25  _____

26  1
    It is noted for the record that Petitioner has been assisted by

27  inmate law clerks in the preparation of this petition pursuant
    to Johnson v Avery (1969) 393 U.S. 483 [89 S.Ct. 747].

28

                                  4

1  Clinical Case Management System level of care), and is being

2  treated for his mental health problems with psychotropic medications

3  (See Exhibit A at 1).  While on a seperate subfacility of this

4  institution, and with the assistance of a fellow prisoner,

5  Petitioner acted Pro se in filing his "actual innocence" claim

6  in the habeas petitions filed following appellate counsel's

7  Wende brief (and accompanying  writ petition), and though he

8  lacks the educational skill and knowledge of the law necessary

9  to articulate his specific argument, the substance of the claim

10  is sufficient to warrant review.

11       In holding that pro se pleadings must be construed liberally

12  (Maleng v Cook, 490 U.S. 488 [109 S.Ct. 1923 (1989)]), the United

13  States Supreme Court has further held that prisoners "are often

14  unlearned in the law...since they act so often as their own

15  counsel in habeas corpus proceedings, we cannot impose on them

16  the same high standards of the legal art which we might place

17  on members of the legal profession." (citing McCleskey v Zant

18  499 U.S. 467 [111 S.Ct. 1454]).  Accordingly, and consistent

19  with the standards of Brown v Roe  279 F.3d 742 (9th Cir. 2002)

20  [holding that when a statute in question is new (as in the

21  instant case), a court exercising its discretion is justified

22  in considering an equitable tolling claim], and Laws v Lamarque

23  351 F.3d 919 (9th Cir. 2003) [tolling regarding mentally

24  incompetent petitioner], and in that Petitioner's diligence in

25  pursuing his claims has in no way been intended to frustrate

26  Respondent's ability to answer, equitable tolling would be

27  appropriate in this case.  Notwithsatnding this, as Petitioner

28  is actually innocent, federal review is necessary.

5

### C.  Actual Innocence

In his Pro se petition filed in the California Supreme Court (S151221 at pg. 36) ,  in the heading for Ground Three, Petitioner asserted,

> "THE FACTUAL SHOWING MADE BY PETITIONER IN THIS PETITION
> CONSTITUTES A COLORABLE SHOWING OF FACTUAL INNOCENCE IN
> THAT THE FOREGOING CONSTITUTIONAL VIOLATION CAUSED HIS
> CONVICTION EVEN THOUGH HE IS INNOCENT OF THE CRIME, THUS
> IMPLICATING A FUNDAMENTAL MISCARRIAGE OF JUSTICE AND
> REQUIRING THAT A WRIT OF HABEAS CORPUS ISSUE UNDER STATE
> AND FEDERAL PRECEDENT"

In applying the AEDPA's statute of limitations, the case of Schup v Delo, 513 U.S. 298 [115 S.Ct. 851] is analogous to that of Petitioner's. Schup's claim of innocence was procedural, rather than substantive. His constitutional claim was based not on his innocence, but rather on his contention that the ineffective assistance of counsel and the withholding of evidence by the prosecution denied him the full range of the protections afforded to criminal defendant's by the constitution. Here, Petitioner's counsel failed to move for insufficiency of the evidence nor investigate direct authority relating to the crime of attempted possession of a firearm by a violent felon, a crime which no California court has held as valid. Schup's claim of innocence was deemed "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred claim considered on the merits." (citing Herrera v Collins 506 U.S. 390 [113 S.Ct. 853])
As Petitioner similarly bases his innocence claim on his being
///

6

1  deprived of his Sixth Amendment right to the effective assistance
2  of counsel, the 'fundamental miscarriage of justice' exception
3  to a procedrual bar applies to this case.

4      In a trio of cases handed down the same day in 1986 (See
5  Kuhlman v Wilson, 477 U.S. 436 [106 S.Ct. 2616]; Murray v Carrier
6  477 U.S. 478 [106 S.Ct. 2639]; and Smith v Murray 477 U.S. 527
7  [106 S.Ct. 2661].), the United States Supreme Court held that
8  prisoners retain an overriding interest in obtaining release
9  from custody if he is innocent of the charge for which he is
10  incarcerated, and that in the  rare case where a constitutional
11  violation "has resulted in the conviction of one who is actually
12  innocent, a federal habeas court may grant the writ even in the
13  absence of a showing of cause for the procedural default" (477
14  U.S., at 496 [106 S.Ct. at 2649; Smith v Murray 477 U.S., at
15  537).

16      As Petitioner's counsel advised him to plead to a charged
17  crime that no California court has held as valid, and in that
18  counsel admitted via declaration that she failed too fully
19  investigate the legality of the charged crime, any procedural
20  bar to the filing of this petition should be deemed as moot,
21  as petitioner is innocent of the crime as charged.

22

23

24      Accordingly, Petitioner asserts that his claim of actual
25  innocence should be heard on the mertis, and respectully prays
26  that the Court order Respondent to Answer.
27  ///
28  ///

7

## III.

### PETITIONER'S CLAIM

INEFFECTIVE ASSISTANCE OF COUNSEL DEPRIVED PETITIONER OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION

**A.    Statement of Facts**

On November 17, 2003, Santa Clara undercover Police Officer Loi Filo called Petitioner regarding the acquisition of a firearm. In a second call the following day, the Officer told Petitioner he would rent him a gun for $300-500, or $1,000 if the gun was fired, and both men agreed to meet later that day at a local Taco Bell restaurant. Both men met at the appointed time, and Officer Filo told Petitioner he had a .38 caliber gun he would rent him. According to Officer Filo, Petitioner responded by pulling out a bill of sale from his pocket for his car and handed it to the officer. The Officer stated that he asked Petitioner how long he would need the gun for, and Petitioner allegedly responded that he would return it the next day. At this point, the Officers exited the car (a second undercover Officer had been seated in the back of the car), leaving Petitioner seated inside. The San Jose SWAT team then approached the vehicle and took Petitioner into custody. There was no evidence presented that a gun was ever shown to Petitioner, that the undercover officers possessed one, or that Petitioner was ever in the vicinity of a firearm.

///

///

///

8

**B.     Ineffective Assistance of Counsel**

Petitioner was represented in trial court proceedings by Traci A. Owens of the Santa Clara County Public Defender's Office. Upon the advice of Ms. Owens, I entered a plea of no contest to attempted possession of a firearm by a violent felon, in violation of Penal Code sections 664/12021.1. At no time did Ms. Owens ever inform me that the crime of attempted possession of a firearm may not exist, or that it's legality may be questionable.  Ms. Owens never filed a motion to dismiss pursuant to Penal Code section 995 questioning the validity of the crime of attempted possession of a firearm, and on appeal filed a declaration stating that, "I evaluated the transcript of Mr. Novak's preliminary hearing in order to determine whether I had any viable arguments for a motion to dismiss pursuant to Penal Code section 995.  In so doing, I conducted a review of the rules related to inchoate offenses, <u>but I did not specifically focus on cases invlolving attempted possession of a firearm</u>." (emphasis added).  In light of the fact that Petitioner's potential punishment, as a "three-striker", was life in prison, counsel acting as an active advocate in my behalf had a duty to fully investigate and review the charged offense,  and had I been aware that the crime of attempted possession of a firearm may not exist I would have never entered a plea in this case, but would instead have insisted on going to trial.

**1.     Failure to Investigate**

Defense counsel in the instant case was ineffective in failing to investigate the legality of the charged crime.  Counsel's
///

9

1  first duty is to investigate facts of a clients case and to

2  research law applicable to those facts. (Cal. Const. Art. 1, §15;

3  U.S. Constitution, 6th Amend.; <u>People v Ledesma</u> 43 Cal.3d 171;

4  <u>Strickland v Washington</u> (1984) 466 U.S. 668; <u>Sanders v Ratelle</u>

5  21 F.3d 1446 (9th Cir. 1994).)  In admitting via declaration that

6  she did not research cases involving attempted possession of a

7  firearm, counsel failed to provide the effective representation

8  as required under the Sixth Amendment.

9  **2.    Failure To File Motion to Dismiss**

10      A motion to dismiss the information in the instant case was

11  not only meritorious, but essential in providing Petitioner

12  effective representation.  Had counsel reviewed the Legislative

13  history of Penal Code section 12021 (and also 12021.1), it is

14  clear that felony prosecution for attempted possession of a

15  firearm was never intended by the Legislature, and in fact, at

16  the time counsel was representing Petitioner, there was no direct

17  authority regarding such a crime. (See <u>People v Duran</u> (2004) 124

18  Cal.App.4th 666).  The failure of defense counsel to move for

19  dismissal under Penal Code section 995 was highly prejudicial to

20  Petitioner's  cause as it removed the issue of insufficiency of

21  the evidence as a defense and for appellate review.

22      Accordingly, counsel's representation fell below the objective

23  standard of reasonableness test of <u>Strickland v Washington</u>, 466 U.S.

24  668, supra, thus requiring a reversal of conviction in order to

25  protect Petitioner's rights to due process and a fair trial as

26  guaranteed under the Sixth and Fourteenth Amendments to the United

27  Constitution.

28  ///

10

IV.

**PRAYER FOR RELIEF**

Pursuant to the foregoing, Petitioner respectfully requests this Court issue an order holding Respondent to Answer, and upon review issue an order vacating judgment and conviction in this case.

Dated:    June 10, 2008

=

                                        Respectfully submitted,

                                        Joshua Steven Novak
                                        Petitioner, Pro se

11

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95 28091

EXHIBIT "A"

**EXHIBIT A**

STATE OF CALIFORNIA
CDC 7280 (6/93)

DEPARTMENT OF CORRECTIONS
DISTRIBUTION:
ORIG - HEALTH RECORD
COPY - PSYCHIATRIC FILE
COPY - INMATE/PAROLEE

# STATEMENT OF INFORMED CONSENT
## ANTIDEPRESSANTS

### STATEMENT OF INFORMED CONSENT

INMATE NAME (PRINT OR TYPE): _Novak, Joshua_          CDC NUMBER: _H 57587_

Dr. _MANZANO_ met with me and discussed my mental problems. The doctor told me of medications which are known to be of help in treating mental problems such as mine. The doctor told me of any division of opinion as to whether the medication will be helpful, why and how it works and its side effects. The doctor also discussed with me the likelihood of my improving or not improving without such medication(s). We discussed the reasonable treatment alternatives to medication and I understand that I may take the medication(s) and still be involved in other forms of treatment.

I understand that I may withdraw consent at any time by informing any member of the treatment staff.

[x] I do   [ ] I do not  consent to taking this medication.

Name of drug, dosage and frequency: _Zoloft 50 mg_
_begin & work P.O. H.S. → 200 mg_

INMATE'S SIGNATURE
X                                                                    DATE

WITNESS TO PATIENT'S SIGNATURE
X                                                                    DATE 6/13/05

[x] I have discussed the information on this form regarding this medication with the patient and it is my opinion that he/she has the capacity to understand that he/she is mentally ill, that the medication may help with his/her illness, and that there are possible side effects.

[ ] I have discussed the information on this form regarding this medication with the patient and it is my opinion that he/she lacks the capacity to understand based upon the following evidence: _____

PHYSICIAN'S SIGNATURE                                                 DATE 6/13/05

This is to inform you that your doctor has recommended a course of mental health treatment that includes the use of medications. This form will explain to you the type of medication you will receive, what it will do for you, and the possible side effects you may have.

## I.    SOME EXAMPLES OF THESE DRUGS ARE:

amitriptyline (Elavil)         imipramine (Tofranil)       _____
desipramine (Norpramin)        nortriptyline (Aventyl)     _____
doxepin (Sinequan)             amoxapine (Asendin)

**Note:** The first drug name is the generic name, and the name in parenthesis is a common brand name. There may be more than one brand name for each generic name.

## II.   USES OF THESE MEDICATIONS:

These drugs are used to treat emotional problems. Problems which may improve with the use of these drugs include:

—feelings of sadness            —decreased mental alertness      --abnormal sleeping patterns
—decreased physical activity    —lack of interest in life        --suicidal feelings
—feelings of worthlessness      —increased or decreased appetite --bothersome anxiety

Other problems may also be treated with these drugs. It is important that you understand why this medication is being recommended for you. You and your doctor should discuss the role of medication in your treatment. By relieving symptoms, this medication may help you to cope better with life problems.

CONTINUED ON REVERSE

# PROOF OF SERVICE BY MAIL

I, <u>Joshua Steven Novak</u>, DECLARE:

        Name

I AM OVER THE AGE OF 18, NOT A PARTY TO THIS ACTION, AND RESIDE / AM

EMPLOYED AT
<u>Pleasant Valley State Prison</u>
<u>P.O. Box 8502  Coalinga, CA 93210</u> IN <u>FRESNO</u> COUNTY.

        Address

ON <u>06-10-08</u>, I DEPOSITED IN THE UNITED STATES MAIL AT

    Date

<u>Coalinga, CA</u> A COPY OF THE ATTACHED

      City and State

<u>Petition for Writ of Habeas Corpus;</u>

<u>28 U.S.C. §2254</u> IN A SEALED ENVELOPE, WITH

   Title or description of each paper

POSTAGE FULLY PRE PAID, ADDRESSED TO:

<u>United States District Court</u>
<u>Northern District of California</u>
<u>450 Golden Gate Avenue</u>
<u>San Francisco, CA 94102</u>

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE

OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: <u>06-10-08</u>

                               SIGNATURE OF DECLARANT

                               Joshua Steven Novak

                               PRINT NAME OF DECLARANT

Joshua Steven Novak  H-57587
Pleasant Valley State Prison
P.O. Box 8502   FBB5-204
Coalinga, CA 93210

THIS MAIL WAS IN
PLEASANT VALLEY

LEGAL MAIL



UNITED STATES POSTAGE

PITNEY BOWES

02 1A                    $ 02.36⁰
0004344659         JUN 18 2008
MAILED FROM ZIP CODE 93210

ENERATED FROM
STATE PRISON

CLERK
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102