UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA STEVEN NOVAK,

        Petitioner,

  vs.

JAMES A. YATES, Warden,

        Respondent.

No. C 08-3302 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Pleasant Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner pleaded nolo contendere to a charge of attempted possession of a firearm by a felon. With a "three-strikes" enhancement, he was sentenced to prison for twenty-five years to life. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the California Supreme Court denied review. He also filed state habeas petitions; all were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that he is actually innocent and that his counsel rendered ineffective assistance. These claims are sufficient to require a response.

### CONCLUSION

For the foregoing reasons and for good cause shown,

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 30, 2008.

           PHYLLIS J. HAMILTON
           United States District Judge

G:\PRO-SE\PJH\HC.08\NOVAK3302.OSC.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA STEVEN NOVAK,

        Plaintiff,

  v.

JAMES A YATES et al,

        Defendant.

Case Number: CV08-03302 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joshua Steven Novak H-57587
Pleasant Valley State Prison
FBB5-204
P.O. Box 8502
Coalinga, CA 93210

Dated: July 30, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk