UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA STEVEN NOVAK,

    Petitioner,

vs.

JAMES A. YATES, Warden,

    Respondent.

_____/

No. C 08-3302 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition and respondent a reply. For the reasons set out below, the motion is granted.

**DISCUSSION**

Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is

pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that in 2004 he pled guilty to attempted possession of a firearm by a felon. He appealed. The California Court of Appeal affirmed, and on November 16, 2005, the California Supreme Court denied his petition for review. The statute of limitations therefore began running on February 14, 2006, when the time to apply to the United States Supreme Court for certiorari expired. See *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). The petition thus was due on or before February 14, 2007, absent tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting what is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year). It was not, however, filed until July 9, 2008, long after expiration of the statute of limitations. It therefore is untimely unless an exception to the statute of limitations applies.

### A.   Statutory Tolling

As to statutory tolling, petitioner filed a state habeas petition in superior court on August 11, 2006. It was denied on October 3, 2006. He then filed in the court of appeal, on January 5, 2007; that petition was denied on February 1, 2007. He filed in the supreme court on March 26, 2007; that petition was denied on August 8, 2007. If petitioner is entitled to tolling for the entire time between the date he filed his first state petition through the decision on his last one, he would receive 362 days of tolling. Because the petition here was filed 877 days after the limitations period began running, even tolling for the entire time the state petitions were pending would not suffice to make the petition timely.

Although it does not affect the result as to statutory tolling, respondent is correct that petitioner is not entitled to tolling for the ninety-four days between the denial of his superior court petition and his filing in the court of appeal. This is because the time between a lower court decision and a filing of a new petition in a higher court in the California system is treated as time the petition is "pending," and thus as tolling the limitations period, only as

long as the petitioner did not "unreasonably delay" in seeking review. *Carey v. Saffold*, 536 U.S. 214, 221-23 (2002). Here the ninety-four days petitioner delayed was unreasonable, so petitioner is not entitled to tolling for that time. *See Evans v. Chavis*, 546 U.S. 189, 199-200 (2006) (noting that states with determinate timeliness rules usually allow 30 to 60 days to appeal to higher court; because of continued lack of clarification from California Supreme Court of words "reasonable time" in context of delayed petitions, federal courts should assume that "California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.").

### B.    Equitable Tolling

Petitioner attempts to avoid the statute of limitations bar by contending that he is entitled to equitable tolling. The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citation and internal quotation marks omitted).

Petitioner's contention that equitable tolling should be granted because of his difficulty with English, lack of legal knowledge, and dependence on jailhouse lawyers is without merit. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication); *cf. Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).

Two of petitioner's other grounds for equitable tolling require more consideration. His first contention, that he has mental problems, is of the sort that might be grounds for equitable tolling, at least when combined with other grounds. *See Calderon v. United*

3

*States District Court (Kelly)*, 163 F.3d 530, 541-42 (9th Cir.1998) (en banc) (prisoner entitled to equitable tolling due to earlier court-ordered stay of habeas proceedings, alleged mental incompetency, and existence of timely habeas proceedings pending at one time that were mistakenly dismissed).  Petitioner alleges that he has been "in and out" of mental health treatment and foster homes "his entire life," and that the medical records he submits in opposition show that he was receiving mental health treatment throughout the period at issue here.

   Petitioner's allegation regarding a lifetime of mental health treatment and foster care placement is conclusory and not tied to his failure to file, so is insufficient.  *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition, district court's holding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).  That is also the case with his claim that he is entitled to tolling because was taking anti-depressants; he makes no showing of a causal connection between his depression and his inability to file the federal petition on time.  In addition, the medical records provided by petitioner show that the medication worked and that petitioner's depression was in remission as of May of 2007, shortly before the crucial time here.  Petitioner has failed to show that his mental problems made it impossible for him to file on time.

   The second claim that might have some substance is petitioner's contention that prison officers lost his legal papers.  *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling warranted for inmate's 11-month stay in ad-seg because he was denied access to legal papers despite his repeated requests for them).  His papers were taken from him when he was moved to administrative segregation on February 19, 2008.  In his opposition to the motion to dismiss, petitioner argues only that this lack of papers explains the ninety-four day delay between his state superior court petition and his state court of appeal petition, and does not advance it as a basis for equitable tolling.  Because the ninety-four day period was at the end of 2006, the loss of the

4

papers in February of 2008 does not explain that delay, but the court will also consider whether it might entitle him to equitable tolling.

Petitioner has provided very few facts regarding the loss of his papers, and none are in proper form; the opposition and addendum are not verified, and no declaration is provided. Leaving that point aside, in his opposition petitioner says only that the papers were taken on February 19, 2008, and most of them were lost. He says that this "caused further delay" in his seeking inmate assistance to file his petition. These allegations are conclusory and do not establish that it was impossible for petitioner to file on time.

Petitioner attaches to his opposition an unverified complaint from a civil suit he filed in the United States District Court for the Eastern District of California, in which the loss of the papers is one claim. The only additional relevant facts alleged in it are that on February 26, 2008, a small portion of the missing material was returned, but otherwise petitioner had to attempt to reconstruct the file from other sources; that "in May of 2008, Plaintiff's former trial attorney sent a copy of the California Supreme Court habeas corpus petition in order that Plaintiff could seek assistance filing his federal habeas petition;" and that his appellate counsel and the state superior court refused to provide documents. Opp'n Ex. B at 6.

The crucial time period in this analysis is between August of 2007, when petitioner's state petition was denied in the California Supreme Court, and the date the federal statute of limitations expired, which was either November 9, 2007 (if no tolling is allowed for the ninety-four days), or February 11, 2008 (if the entire time his state petitions were pending was tolled). Both those dates had passed when, on February 19, 2008, petitioner's papers were lost. The loss of the papers thus could not have prevented petitioner from filing his petition on time.

### C. "Actual Innocence" Exception

Finally, petitioner contends that the statute of limitations should not bar the petition because he comes within an exception for persons who are "actually innocent." The Ninth Circuit has stated in dictum that the actual innocence gateway established in *Schlup v. Delo*, 513 U.S. 298 (1995), for procedural defaults also may be available to a petitioner

whose petition is otherwise barred by AEDPA's limitations period.  *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA).

Petitioner pled no contest to one count of attempted possession of a firearm by a convicted felon.  *See* Cal. Penal Code §§ 664, 12021.1(a)(1)).  He admitted allegations that he had been convicted of thirteen prior offenses that were strikes under the Three Strikes Law.  *See id.* at §§ 667(b)-(i); 1170.12.  He was sentenced to prison for twenty-five years to life.  His claim in the federal petition is that under California law there is no such crime as attempted possession of a firearm, and that his counsel was ineffective in failing to so argue.

To qualify for the actual innocence exception a habeas petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at 496).  The required new evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  *Id.* at 321.  "Actual innocence" means "factual innocence," not merely legal insufficiency.  *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

### 1. Argument in Petition

Petitioner evidently realized that his federal petition was late and thus argued in the petition itself that the untimeliness should be excused.  As grounds for his actual innocence claim, petitioner argues in the petition that there is no such crime as the one of which he was convicted, attempted possession of a firearm by a felon.  He does not, however, argue that he is not a felon or did not, as a factual matter, attempt to obtain a firearm.  He thus does not argue *factual* innocence as is necessary to qualify for the actual innocence exception of *Majoy* and *Schlup*.  *See id.*

6

### 2. Argument in Opposition

In his opposition to the motion to dismiss, petitioner, presumably alerted to the inadequacy of his petition's "actual innocence" argument by respondent's motion, contends that he is factually innocent. He says that "[a]t no time did Petitioner own, possess, have in his custody or control a firearm, nor was evidence presented that the officers involved possessed a firearm or place Petitioner within the vicinity of a firearm on the dates in question. This constitutes factual innocence." Trav. at 5. Again petitioner has not provided the facts in proper form in his opposition, but in the verified petition he does provide this statement of facts, which he appears to have copied from his opening brief on direct appeal:

> On November 17, 2003, Santa Clara undercover Police Officer Loi Filo called Petitioner regarding the acquisition of a firearm. In a second call the following days, the Officer told Petitioner he would rent him a gun for $300-500, or $1,000 if the gun was fired, and both men agreed to meet later that day at a local Taco Bell restaurant. Both men met at the appointed time, and Officer Filo told Petitioner he had a .38 caliber gun he would rent him. According to Officer Filo, Petitioner responded by pulling out a bill of sale from his pocket for his car and handed [sic] it to the officer. The officer stated that he asked Petitioner how long he would need the gun for, and Petitioner allegedly responded that he would return it the next day. [Petitioner then was arrested.]

Pet. at 8.

These facts by no means show that petitioner did not attempt to possess a firearm. First, the offense was an "attempt," not "possession," of a firearm, so whether he ever had possession or control of the gun is irrelevant; secondly, petitioner is trying to add an element to the offense, a requirement that there actually *be* a gun, either in possession of the undercover officer or nearby. Whether or not there is such a requirement under California law – it seems unlikely – in making a showing of actual innocence it is petitioner's job to provide evidence of his innocence, not just complain about the lack of evidence. That is, even assuming the correctness of his legal argument, it is up to him to show that there was no gun, which he has not done.

///

Assuming for purposes of this ruling that there is an "actual innocence" exception to

7

the statute of limitations, petitioner has not established that it applies to him.

## CONCLUSION

Respondent's motion to dismiss (document number 6 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 25, 2009.

　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　United States District Judge

G:\PRO-SE\PJH\HC.08\NOVAK3302.DSM-sl.wpd

8