UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA STEVEN NOVAK,

    Petitioner,

vs.

JAMES A. YATES, Warden,

    Respondent.

No. C 08-3302 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court granted respondent's motion to dismiss the case as barred by the statute of limitations. Petitioner has appealed. Although he does not ask for a certificate of appealability ("COA"), the notice of appeal will be deemed to be such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because it was filed about a year and a half after expiration of the limitations period, and petitioner's arguments for equitable tolling or application of the putative "actual innocence" exception to the limitations bar were without merit. Although petitioner's contentions were such that they required some discussion, the conclusion that they were without merit is not one which reasonable jurists would find debatable or wrong. The request for a certificate of appealability implied from the notice of appeal is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: March 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\NOVAK3302.COA.wpd